J-A35034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| ROBERT LEE LUKEHART, | | |
| Appellant | | No. 1926 WDA 2013 |

Appeal from the Judgment of Sentence November 6, 2013
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000463-2011

BEFORE:  BENDER, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 30, 2014**

Robert Lee Lukehart appeals from the judgment of sentence of five to ten years incarceration to be followed by ten years probation imposed by the trial court after Appellant pled guilty but mentally ill to charges of involuntary deviate sexual intercourse ("IDSI") with a child, aggravated indecent assault, and two counts of indecent assault.  We affirm.

Appellant entered a guilty plea based on his molestation of his two minor step-daughters, aged four and six.  The court directed that Appellant be assessed by the Sexual Offenders Assessment Board ("SOAB").  Herbert Hays, a member of the SOAB for sixteen years, evaluated Appellant.  He testified as an expert in the treatment and assessment of sex offenders at Appellant's sexually violent predator ("SVP")/sentencing hearing.  Mr. Hays reviewed the police reports and was present for an interview with Appellant.

According to Mr. Hays, Appellant demonstrated grooming behavior and used his position as the children's step-father to enable himself to sexually abuse the children. Mr. Hays noted that Appellant claimed that his sexual activity with the children was for educational purposes and "training them to understand AIDS." N.T., 11/6/13, at 11. Appellant denied being sexually attracted to the children; however, the abuse occurred over a two-year time period. Specifically, Appellant had the children perform oral sex on him, would fondle and digitally penetrate their vaginas, and make them touch his penis. He told the children that, if they reported the conduct, he would kill both the girls and their mother. Based on these factors, Mr. Hays opined that Appellant met the criteria for pedophilia and that this condition made it likely that he would commit a sexually violent offense in the future.

Appellant presented his own expert, Dr. Edwin Tan. Dr. Tan testified as an expert in psychiatry. He earlier had provided a report in which he found Appellant incompetent to stand trial based on a delusional disorder. At the SVP hearing, he asserted that there was no indication that Appellant molested the children for purposes of sexual gratification. This was in contradiction to Mr. Hays' testimony. According to Dr. Tan, there was no prior history of sexual abuse and that the molestation occurred as the "product of his mental illness." *Id*. at 42. In his view, Appellant was not a pedophile. However, Dr. Tan acknowledged he was not familiar with the

statute regarding SVP's and did not know the definition of predatory behavior under that law.

The trial court rejected Dr. Tan's diagnosis and found that the Commonwealth established by clear and convincing evidence that Appellant met the criteria for being an SVP. It then proceeded to sentence Appellant to the aforementioned periods of incarceration and probation based on the plea agreement for the IDSI count. The court also imposed concurrent sentences of three to six years to be followed by four years probation for the aggravated indecent assault charge, and nine months to two years incarceration followed by three years probation for both indecent assault crimes.

Appellant timely appealed. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied and the court filed a Pa.R.A.P. 1925(a) order. The matter is now ready for our review. Appellant's sole issue on appeal is as follows.

> I. Whether the trial court erred when it ruled that the Commonwealth demonstrated by clear and convincing evidence that Appellant is a sexually violent predator in contradiction to evidence to the contrary presented by Appellant?

Appellant's brief at 7.

Appellant's claim relates to the sufficiency of the evidence for purposes of his being classified as an SVP. In considering the sufficiency of the

evidence with respect to an SVP designation, we "must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator." **Commonwealth v. Morgan**, 16 A.3d 1165, 1168 (Pa.Super. 2011). In evaluating the evidence, "we view all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth." **Id**.

Our Supreme Court comprehensively and cogently discussed the requirements and burden of proof applicable in determining whether a defendant is an SVP in **Commonwealth v. Meals**, 912 A.2d 213 (Pa. 2006).[1] Relevant to this case, **Meals** set forth that an SVP is a person who "due to a mental abnormality or personality disorder" is "likely to engage in predatory sexually violent offenses." **Id.** at 218.

The **Meals** Court continued, "The statute defines 'mental abnormality' as 'a congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons.'" **Id.** Further, "[t]he term 'predatory,' in turn, is defined as 'an act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support

---

[1] **Meals** discussed Megan's Law II. Appellant is subject to a more recent version of Megan's Law.

victimization.'" *Id.* Pedophilia is considered a mental abnormality under Pennsylvania law.

The High Court in *Meals* also delineated the governing law with respect to the clear and convincing evidence standard. The Court therein opined that the standard of proof of clear and convincing evidence is "an 'intermediate' test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt." *Id*. Under the clear and convincing standard, the evidence must be "so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Id*. at 219.

Appellant argues that Mr. Hays could not determine the time frame for the offenses, thereby precluding a finding that the acts occurred over more than a six-month time frame. In order to be considered a pedophile under Megan's Law, the abuser must have sexual fantasies, urges, or behaviors involving prepubescent children over at least six months. Appellant asserts that "there was simply no way to know whether these acts occurred in the course of one week or two months[.]" Appellant's brief at 16. In addition, Appellant submits that Mr. Hays acknowledged that Appellant had no documented prior history of sex offenses.

Appellant further suggests that the "trial court's determination that he is a sexually violent predator flies in the face of the expert testimony to the contrary by an expert in the field of psychiatry." *Id*. at 24. In essence,

Appellant asks this Court to reweigh and reconsider the expert testimony. Appellant's entire argument disregards our standard of review. Here, Mr. Hays found that Appellant did exhibit sexual behaviors involving prepubescent children for over six months. He based this finding on the criminal information and police reports that indicated the abuse occurred between a one-to-two-year period. Since the trial court was free to accept Mr. Hays' testimony, there was no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014